**Opinion issued January 13, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-25-00384-CR**

_____

**GUADALUPE NAVARRO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 98177-CR**

## MEMORANDUM OPINION

This appeal arises from a home invasion at a beach house in Brazoria County that resulted in the death of Larry Ortiz, Jr. Guadalupe Navarro, who participated in the home invasion with other armed assailants, pleaded guilty to the first-degree

felony offense of murder.[1]  And a jury assessed her punishment at 75-years' confinement and a $10,000 fine.  Navarro appealed.

On appeal, Navarro's appointed counsel has filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In his *Anders* brief, counsel states that he has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Counsel's brief meets the *Anders* requirements because it presents a professional evaluation of the record and supplies this Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

Further, Navarro's counsel informed this Court that he mailed a copy of the motion to withdraw and *Anders* brief to Navarro and informed her of her right to access the appellate record and file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408–09.

---

[1]  *See* TEX. PENAL CODE ANN. § 19.01(B)(1), (2).

Navarro received a copy of the clerk's record and the reporter's record, and this Court granted her a 30-day extension of time in which to file a pro se response. Navarro filed a response to the *Anders* brief, in which she contends that trial counsel was ineffective because "he allowed me to plead guilty on a murder I did not commit." However, the jury was charged on the law of parties. That Navarro was not the shooter does not prevent her conviction for murder. *See* TEX. PENAL CODE § 7.02. Navarro also contends that she received ineffective assistance of counsel because (1) trial counsel promised that she would receive "no more than 40 years" if she pleaded guilty, and (2) the court system in Brazoria County was biased against her because the victim's brother was an "authoritive [sic] figure of some sort" there. Neither of these claims have any support in the record.

The State filed a waiver of its right to file a response to the *Anders* brief.

We have independently reviewed the entire record in this appeal. *See Mitchell*, 193 S.W.3d at 155. We conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[2] *See* TEX. R. APP. P. 43.2(a). Attorney Perry Stevens must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Appointed counsel still has a duty to inform Navarro of the result of this appeal and that she may, on her own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id.* at 827 & n.6.

4